IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03485-RTG

BIRON ANTONIO ICH-COC,

Applicant,

v.

JUAN BALTAZAR, Warden of Detention Center,
DIRECTOR OF ICE, and
ATTORNEY GENERAL,

Respondents.

---

## ORDER TO FILE AMENDED HABEAS APPLICATION

---

Applicant Biron Antonio Ich-CoC is a federal immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado. Applicant has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and paid the required filing fee. (ECF No. 1). Accordingly, this habeas corpus action was opened.

The Court must construe the application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Applicant will be ordered to file an amended habeas application.

## BACKGROUND

Applicant raises two claims for relief in his § 2241 application. Claim one is entitled "I was detained illegally." (ECF No. 1 at 2). Applicant alleges in claim one that

"ICE failed to prove why my detention was necessary;" "ICE used force on my detention, knocking me down to the floor, I received minor injuries, and I never resisted the arrest;" and "I have a status to be in the country, which hasn't expir[] yet." (ECF No. 1 at 2). Claim two is entitled "My detention is been prolonged." (Id. at 3). Applicant alleges in claim two that he has been detained in several immigration detention facilities since March 6, 2026, and that "[i]n 4 months, I only had 3 hearings." (*Id.*). He states elsewhere in his pleading that "I haven't had a final hearing, but the immigration judge ordered my deportation." (*Id.*). Under "Request for Relief," Applicant requests immediate release or a bond hearing. (*Id*. at 5).

## PLEADING ISSUES

Applicant's amended application must clearly allege the violation of a federal right. Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), Applicant must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support of the claim. The Habeas Rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead

with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Section 1225(b)(2) applies to an "applicant for admission," and requires mandatory detention. In *Santillan Quiroz v. Mullin*, No. 26-6019, --- F.4th ---, 2026 WL 1876709 (10th Cir. June 30, 2026), the Tenth Circuit held that the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) applies only to noncitizens seeking admission to the United States at the border, and does not authorize the detention of noncitizens who entered the country without admission and were later arrested in the interior. *Id.* at *5, *7. The court held that noncitizens who entered the United States and were thereafter detained in the interior are "usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5.

Sections 1226 and 1231 apply to noncitizens who are apprehended after entering into the United States and remaining there for some time. Under 8 U.S.C. § 1226, the Attorney General may arrest and detain a noncitizen pending a decision on whether the noncitizen is to be removed from the United States ("the pre-removal period"). During this pre-removal period, a noncitizen detained under § 1226(a) generally is eligible for release on bond and may request a custody redetermination hearing before an Immigration Judge to determine whether he or she should be released during the removal process.

Once an order of removal becomes administratively final, the Attorney General's

authority to detain a noncitizen is governed by 8 U.S.C. § 1231, which provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days," a period referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). The statute permits the Attorney General to continue detention beyond the removal period if the noncitizen is inadmissible, criminal, or a threat to society or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). The Supreme Court has interpreted § 1231 as incorporating implied limits on how long a noncitizen may be detained pending removal. *See Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (stating that § 1231 "read in light of the Constitution's demands . . . does not permit indefinite detention"). In *Zadvydas*, the Supreme Court held that § 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal," and such detention only can continue so long as removal is "reasonably foreseeable." *Id.* at 689-90. The Supreme Court set forth six months as the presumptively reasonable" period of post-removal-period detention. *Id.* at 700-01. After the six-month period has elapsed, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

The present § 2241 application does not allege the facts needed to evaluate Applicant's unlawful detention claims. **The application does not clearly state whether Applicant is subject to a final order of removal, and if so, when that order became administratively final.** Those facts are the foundation of every claim he raises. Without the date his removal order became final (if he has been ordered removed at all), the Court cannot compute the ninety-day removal period, cannot determine whether the six-

month presumptively reasonable period under *Zadvydas* has run, and cannot assess whether he may be entitled to a bond hearing.

In the amended application, Applicant must identify his claim or claims and their legal bases, and must provide a clear statement of the facts supporting each claim. Therefore, Applicant should include specific factual allegations explaining:

- his country of citizenship or birth;
- how and when he entered the United States, along with the circumstances of his initial encounter with immigration authorities;
- the date Applicant's current detention began and the total time he has been in custody;
- whether he has been placed in removal proceedings and, if so, when those proceedings began (for example, the issuance of a Notice to Appear) and their current status;
- whether a final order of removal has been entered against him and, if so, its date—or, if no final order has been entered, the current posture of his proceedings;
- if a final order of removal has been entered, whether his country of citizenship has agreed to accept him and the status of any efforts to remove him;
- whether he has applied for asylum and if so the status of the application;
- whether he has ever requested or been afforded an individualized bond hearing before an immigration judge; if so, the date, the outcome, and any bond amount set; and

- whether he has ever been released on bond or to supervision, the conditions of any such release, and whether and why it was revoked.

Applicant must therefore file an amended habeas application that clearly pleads a cognizable federal claim.

## CONCLUSION

Accordingly, it is

ORDERED that Applicant shall have **thirty (30) days** from the date of this order to file an amended habeas application providing a clear statement of the federal claims he is asserting and the facts supporting those claims. Applicant must include all claims and allegations in the amended habeas application. It is

FURTHER ORDERED that Applicant shall obtain and use the District of Colorado's form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The form, along with the applicable instructions, can be found at www.cod.uscourts.gov. It is

FURTHER ORDERED that Applicant must submit a single, completed application on the court-approved form as one document that contains all claims and allegations. It is

FURTHER ORDERED that if Applicant fails to file an amended habeas application as directed within the time allowed, the action may be dismissed without

further notice.

DATED August 4, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge